IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Bevan Xavier Brooks, Sr., | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action No. 2:14-03851-TLW |
| Director Simon Major, *et al.*, | ) ) ) | |
| Defendants. | ) ) | **ORDER** |

On October 2, 2014, Plaintiff Bevan Xavier Brooks, Sr., ("Plaintiff"), brought this civil action seeking relief pursuant to 42 U.S.C. § 1983. (ECF No. 1). The matter now comes before this Court for review of the Report and Recommendation, ("the Report"), (ECF No. 50), filed on January 19, 2016, by Magistrate Judge Mary Gordon Baker, to whom this case had previously been assigned. In the Report, the Magistrate Judge recommends that Plaintiff's complaint be dismissed *with prejudice*, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and other cited authorities, for lack of prosecution; specifically, Plaintiff's failure to comply with orders of the Court directing him to submit an adequate, timely response to Defendants' Motion for Summary Judgment. (ECF No. 43). Objections to the Report were due by February 5, 2016. (See Doc. #50). Rather than file either an Objection to the Report or a belated response to Defendants' Motion for Summary Judgement, Plaintiff elected to submit a two paragraph, handwritten document captioned "Dispositive Motion," (ECF No. 52), in which Plaintiff offers neither legal nor factual argument but instead simply asks to be permitted "to present this case to a jury" and "to be able to be present in a recorded hearing so that he could show cause for the courts to rule in

1

favor of his requests." *See* ECF No. 52 at pp. 1-2. On February 11, 2016, Defendants responded in opposition to this filing, (ECF No. 53), and the matter is now ripe for decision by this Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the entire record, including, in particular, the Magistrate Judge's Report, Plaintiff's "Dispositive Motion" and Defendants' response thereto. The Court has undertaken this *de novo* review, even though Plaintiff's filing is entirely non-specific in nature and fails to provide either an adequate response to the Magistrate Judge's Report or Defendants' Motion for Summary Judgment. The Court cannot find any grounds in Plaintiff's filing to justify declining to accept the Magistrate Judge's recommendation of dismissal based upon Plaintiff's failure to prosecute and comply with Court orders. The Court will depart from the Magistrate Judge's recommendation only in that it elects, out of an abundance of caution and deference to the deference owed to *pro se* prisoner plaintiffs, to dismiss Plaintiff's claim *without prejudice*. The Court takes this unusual step in view, in particular, of Plaintiff's assertion in the last few lines of his "Dispositive Motion" that he is

2

"currently under the influence of mental health medications and suffering from a serious mental condition that prevents him from normal abilities as all other persons." *See* ECF No. 52 at p. 2.

In view of all of the above, therefore, the Court **ACCEPTS** in substantial part the Magistrate Judge's Report, (ECF No. 50), and orders that Plaintiff's Complaint be **DISMISSED** *without prejudice*. Both Defendants' Motion for Summary Judgment, (ECF No. 43), and Plaintiff's "Dispositive Motion," (ECF No. 52), are properly terminated as **MOOT**.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

July 21, 2016
Columbia, South Carolina